IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| GAN TECK KAR INVESTMENTS PTE LTD., <br><br> Plaintiff, <br><br> vs. <br><br> THERMAL CONSTRUCTION COMPANY LLC, <br><br> Defendant. | No. 20-CV-1050-CJW-MAR <br><br> **MEMORANDUM OPINION AND ORDER** |

_____

This matter is before the Court on plaintiff's motion for summary judgment on its action seeking recognition of a foreign money judgment entered against defendant. (Doc. 21). Defendant filed a timely resistance and requested oral argument. (Doc. 22). Plaintiff filed a timely reply. (Doc. 25). Defendant also filed a notice of additional authority. (Doc. 27). On April 29, 2022, the Court heard argument on the motion. (Doc. 28). For the following reasons, the Court **grants** plaintiff's motion for summary judgment.

## I. BACKGROUND

The following facts are undisputed unless otherwise noted. The Court will discuss additional facts as they become necessary to its analysis.

Gan Teck Kar Investments Pte. Ltd. ("plaintiff") is a Singapore company engaged in the business of operating cafes and restaurants as well as the sale of confectionery, seafood, and other foods. (Doc. 21-2, at 1). Defendant Thermal Construction Company, LLC ("defendant") is an Iowa corporation, but with its principal place of business in Wisconsin. (*Id.*).

In about April 2018, plaintiff contacted defendant to build a cold room at plaintiff's facility in Singapore. (*Id.*). Defendant prepared a proposal dated April 18, 2018. (*Id.*). Scott Myers, defendant's Chief Executive Officer, emailed the proposal to plaintiff that same day. (*Id.*, at 2). Plaintiff thereafter hired defendant to complete the project for a total contract price of $1,045,513.57. (*Id.*; Doc. 21-3, at 127). The parties' agreement for construction of the project was memorialized in a "Letter of Award" on December 24, 2018. (Doc. 21-2, at 2). The project included defendant providing material and labor for construction of the cold room. (*Id.*). Defendant sent workers to Singapore who worked on the project. (*Id.*). Plaintiff paid defendant $1,163,117.47 for that work. (Doc. 21-3, at 127).

On May 19, 2019, defendant asked for an additional $125,000 to complete construction of the project. (Doc. 23-3, at 171). Plaintiff rejected that request. (*Id.*). Defendant then pulled its employees from Singapore and stopped work on the project. (*Id.*). Plaintiff hired others to finish the project. (*Id.*). After crediting defendant for work performed, plaintiff concluded that it overpaid defendant in the amount of $644,826.07. (*Id.*).

On January 22, 2020, plaintiff filed a claim against defendant in the High Court of the Republic of Singapore. (Doc. 21-3, at 12, 171). In its claim, plaintiff alleged misrepresentation and breach of contract by defendant. (*Id.*, at 78). That same day, the Singapore Court issued a Writ of Summons for defendant. (*Id.*, at 15-28, 171). The Singapore Court granted plaintiff's motion to serve defendant outside Singapore. (*Id.*, at 29-30, 171).

On March 11, 2020, plaintiff served defendant with the Writ of Summons, the Statement of Claim, and a copy of the Singapore Court's Order allowing for service outside of Singapore. (Doc. 21-2, at 3). Service was accomplished by serving defendant's agent, Scott Myers. (*Id.*).

2

Defendant never entered an appearance in the Singapore Court. (*Id.*, at 4). On July 24, 2020, plaintiff filed a Request to Enter Default Judgment in the Singapore case. (*Id.*). That same day, the Singapore Court entered a judgment against defendant in the principal amount of $644,826.07, plus interest. (*Id.*). Defendant did not appeal the Singapore judgment. (*Id.*).

On December 17, 2020, plaintiff filed a complaint in this Court seeking recognition of a foreign money judgment entered against defendant under Iowa Code Chapter 626B. (Doc. 1).

## II. APPLICABLE LAW

### A. *Summary Judgment Standard*

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). When asserting that a fact is undisputed or is genuinely disputed, a party must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials." FED. R. CIV. P. 56(c)(1)(A); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Alternatively, a party may show that "the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1)(B). More specifically, "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." FED. R. CIV. P. 56(c)(2).

A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (citation omitted). "An issue of material fact is genuine if it has a real basis in the record." *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992). It is also genuine "when a reasonable jury

3

could return a verdict for the nonmoving party on the question," *Wood v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005) (internal quotation marks omitted). Evidence that presents only "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), or evidence that is "merely colorable" or "not significantly probative," *Anderson*, 477 U.S. at 249–50, does not make an issue of fact genuine. In sum, a genuine issue of material fact requires "sufficient evidence supporting the claimed factual dispute" that it "require[s] a jury or judge to resolve the parties' differing versions of the truth at trial." *Id.* at 249 (citation and internal quotation marks omitted).

The party moving for summary judgment bears "the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which show a lack of a genuine issue." *Hartnagel*, 953 F.2d at 395. The plaintiff may not then simply point to allegations made in her complaint but must identify and provide evidence of "specific facts creating a triable controversy." *Jaurequi v. Carter Mfg. Co.*, 173 F.3d 1076, 1085 (8th Cir. 1999) (internal quotation marks omitted). When considering a motion for summary judgment, "[t]he court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3). Even so, the moving party does not meet its burden by simply providing a massive record, and the Court "will not sort through a voluminous record in an effort to find support for the plaintiff's allegations." *Howard v. Columbia Pub. Sch. Dist.*, 363 F.3d 797, 800 (8th Cir. 2004).

The moving party's burden of production turns on its burden of persuasion at trial. If the moving party bears the burden of persuasion on the relevant issue at trial, it must support its motion with credible evidence available under Rule 56(c) that would entitle it to a directed verdict if not challenged at trial. *Celotex Corp.*, 477 U.S. at 331; *Firemen's Fund Ins. Co. v. Thien*, 8 F.3d 1307, 1310 (8th Cir. 1993). But, if the moving party

4

does not bear the burden of persuasion at trial, it has two options to satisfy its Rule 56 burden of production. First, it may submit affirmative evidence that negates an essential element of the nonmoving party's claim. *Celotex Corp.*, 477 U.S. at 331 (1986); *see also Bedford v. Doe*, 880 F.3d 993, 996 (8th Cir. 2018). Second, it may show that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. *Celotex Corp.*, 477 U.S. at 331 (1986); *see also Bedford v. Doe*, 880 F.3d at 996.

Once the moving party meets its burden of production, the nonmoving party must go beyond the pleadings and show by depositions, affidavits, or other evidence "specific facts which create a genuine issue for trial." *See Mosley v. City of Northwoods*, 415 F.3d 908, 910 (8th Cir. 2005) (internal quotation marks omitted). In determining whether a genuine issue of material fact exists, courts must view the evidence in the light most favorable to the nonmoving party, giving that party the benefit of all reasonable inferences that can be drawn from the facts. *Tolan v. Cotton*, 572 U.S. 650, 651 (2014); *Matsushita*, 475 U.S. at 587–88 (citation omitted); *see also Reed v. City of St. Charles*, 561 F.3d 788, 790 (8th Cir. 2009). A court does "not weigh the evidence or attempt to determine the credibility of the witnesses." *Kammueller v. Loomis, Fargo & Co.*, 383 F.3d 779, 784 (8th Cir. 2004). Rather, a "court's function is to determine whether a dispute about a material fact is genuine." *Quick v. Donaldson Co.*, 90 F.3d 1372, 1377 (8th Cir. 1996).

### B. *Iowa Recognition Act*

In a diversity action, state law governs whether a foreign country judgment should be made a final judgment of a federal court. *See, e.g.*, *Banque Libanaise Pour Le Commerce v. Khreich*, 915 F.2d 1000, 1003-04 (5th Cir. 1990) (state law governs recognition of a foreign country judgment); *Loya v. Starwood Hotels & Resorts*, No. C06-0815 MJP, 2007 WL 1991163, at *8 (W.D. Wash. Jul.6, 2007) (same). Plaintiff

5

asserts this is the case (Doc. 21-1, at 5 & n.2), and defendant does not contend otherwise. Thus, the Court will apply Iowa law to determine the outcome of this case.

Iowa has codified the Uniform Foreign-Country Money Judgments Recognition Act at Iowa Code Section 626B. The Iowa Recognition Act applies to a foreign-country money judgment so long as the judgment (1) grants or denies recovery of a sum of money, and (2) is final, conclusive and enforceable under the law of the foreign country where rendered.[1] IOWA CODE § 626B.103. When a foreign judgment meets the requirements of Section 626B.103, the court must recognize that judgment. IOWA CODE § 626B.104.

A party, however, may resist recognition of a foreign-country judgment if it meets its burden to show that a ground for nonrecognition exists. The Court cannot recognize the judgment if the foreign court did not have personal or subject matter jurisdiction. IOWA CODE § 626B.104(2). In addition, a court need not recognize a foreign-country judgment if any of the following apply:

> a. The defendant in the proceeding in the foreign court did not receive notice of the proceeding in sufficient time to enable the defendant to defend.
> b. The judgment was obtained by fraud that deprived the losing party of an adequate opportunity to present its case.
> c. The judgment or the cause of action on which the judgment is based is repugnant to the public policy of this state or of the United States.
> d. The judgment conflicts with another final and conclusive judgment.
> e. The proceeding in the foreign court was contrary to an agreement between the parties under which the dispute in question was to be determined otherwise than by proceedings in that foreign court.
> f. In the case of jurisdiction based only on personal service, the foreign court was a seriously inconvenient forum for the trial of the action.

---

[1] This code section does not apply to a judgment for taxes, fine or other penalty, or divorce or other judgment rendered in connection with domestic relationship. IOWA CODE § 626B.104(2). This case does not involve a judgment falling under that subsection of the code.

g. The judgment was rendered in circumstances that raise substantial doubt about the integrity of the rendering court with respect to the judgment.

h. The specific proceeding in the foreign court leading to the judgment was not compatible with the requirements of due process of law.

IOWA CODE § 626B.104(3).

A party seeking recognition of a foreign-country judgment has the burden of establishing that this chapter applies to the foreign-country judgment. IOWA CODE § 626B.103. *See also Shen v. Leo A. Daly Co.*, 222 F.3d 472, 476 (8th Cir. 2000) (holding that the burden of proof in establishing that a foreign judgment be recognized is on the party asserting it should be recognized). Conversely, a party resisting recognition of a foreign-country judgment has the burden of establishing that a ground for nonrecognition exists. IOWA CODE § 626B.104(4). As this Court has noted, "[t]here is scant law interpreting Iowa's version of the Uniform Foreign Money-Judgment Recognition Act[.]" *Pure Fishing, Inc. v. Silver Start Co.*, Ltd., 202 F. Supp.2d 905, 909 (N.D. Iowa 2002). In the twenty years since the Court made that observation, there does not appear to be a single Iowa Court decision interpreting Iowa Code § 626B and only two federal cases, neither of which addressed the issues here.[2]

### III. DISCUSSION

To carry its burden of proof, plaintiff must support its motion for summary judgment with credible evidence available under Rule 56(c) that would entitle it to a directed verdict if not challenged at trial. *Celotex Corp.*, 477 U.S. at 331; *Thien*, 8 F.3d at 1310. If plaintiff meets this burden, then defendant takes on the burden of proof to show that a ground for nonrecognition applies. If defendant carries its initial burden to

---

[2] *See Agnitsch v. Process Specialists, Inc.*, 318 F. Supp.2d 812 (S.D. Iowa 2004), & *Stichting Maharishi Global Financing Research v. Joh. Enschede Stamps B.V.*, Case No. 4:15–cv–00466–SMR–SBJ, 2016 WL 6674986 (S.D. Iowa Jan. 7, 2016).

establish that a ground for nonrecognition applies, plaintiff must either submit affirmative evidence that negates an essential element of defendant's claim of nonrecognition, or show that defendant's evidence is insufficient to establish an essential element of that claim of nonrecognition.

Here, the Court finds plaintiff met its initial burden of proof to show that there is no genuine dispute of material fact as to whether the Iowa Recognition Act applies to the Singapore judgment. The Court further finds that defendant has not proffered any evidence establishing a genuine issue of material fact about a ground for nonrecognition.

### A. *Applicability of the Iowa Recognition Act*

Again, the Iowa Recognition Act applies to a foreign-country money judgment so long as the judgment (1) grants or denies recovery of a sum of money, and (2) is final, conclusive and enforceable under the law of the foreign country where rendered. IOWA CODE § 626B.103. Defendant does not dispute that the Singapore judgment is for a sum of money. Rather, defendant argues that plaintiff has failed to show that the Singapore judgment is final, conclusive, and enforceable. (Doc. 22, at 1).

Whether the judgment is final, conclusive and enforceable is a matter of Singapore law. IOWA CODE § 626B.103. Plaintiff bears the burden of establishing foreign law. *See McGee v. Arkel Int'l, LLC*, 671 F.3d 539, 546 (5th Cir. 2012). To carry that burden, plaintiff has provided the Court with affidavits from a Singapore lawyer, Ng Khai Lee, conversant on the law of Singapore. (Docs. 21-3, at 167–68; 25-2, at 3–13). Based on one such affidavit, plaintiff offers evidence of "finality" of the Singapore Rules of Court that a notice of appeal must be filed within one month after the date of judgment. (Doc. 21-1, at 7) (citing App. 168). In its reply brief, plaintiff provided Singapore law itself in another declaration by that same attorney, concerning finality, conclusiveness, or

8

Case 2:20-cv-01050-CJW-MAR    Document 31    Filed 05/03/22    Page 8 of 14

enforceability.[3] (Doc. 25-2). Defendant asserts that the Singapore attorney's affidavit is inadmissible, as being improperly disclosed expert testimony, or a legal conclusion that is inadmissible. (Doc. 22, at 7).

The question here is not whether the Court can consider the affidavit as evidence establishing a fact under Rule 56 or the Federal Rules of Evidence. The question is whether the Court may consider the affidavit to determine foreign law. "Under Rule 44.1, rulings on foreign law are determinations of law, not of fact." *De Fontbrune v. Wofsy*, 838 F.3d 992, 999 (9th Cir. 2016). When "determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence." FED. R. CIV. P. 44.1. *See also United States v. Matya*, 541 F.2d 741, 746 n.10 (8th Cir. 1976).

The Court finds that it may consider affidavits from a foreign law expert to ascertain foreign law under Rule 44.1. A court may rely on a Rule 44.1 affidavit only to inform the interpretation of substantive foreign law, not to find facts. *HFGL Ltd. v. Alex Lyon & Son Sales Managers and Auctioneers, Inc.*, 264 F.R.D. 146, 148 (D.N.J. 2009). Courts routinely rely on such affidavits to determine foreign law. *See, e.g.*, *De Fontbrune*, 838 F.3d at 1000 (holding that a court may consider an affidavit from a foreign law expert in ruling on a motion to dismiss); *Whallon v. Lynn*, 230 F.3d 450, 458 (1st Cir. 2000) (finding an affidavit from a Mexican attorney admissible to establish

---

[3] Defendant argues that the Court should "disregard any materials [plaintiff] may submit with its reply," arguing that plaintiff had to "carry its burden with its initial motion papers." (Doc. 22, at 2). The Court disagrees. A party moving for summary judgment may not assert new facts in a reply because there is no opportunity under Rule 56 for the non-moving party to admit or deny new facts. *L&M Ethonol Main. Contracting, Inc. v. Gaalswyk*, No. C19-3042-LTS, 2021 WL 24775, at *4 (N.D. Iowa Jan. 4, 2021). That does not bar a moving party from submitting in reply additional pleadings, depositions, or other materials in support of its statement of facts or in response to the non-moving party's statement of facts. In any event, the Court finds the Singapore attorney's affidavit and the Orders in the Singapore Rules of Court provided in plaintiff's supplemental appendix (Doc. 25-2) pertain to the law of Singapore and not to facts.

9

Case 2:20-cv-01050-CJW-MAR    Document 31    Filed 05/03/22    Page 9 of 14

foreign law); *World Fuel Services, Inc. v. MV PARKGRACHT*, 489 F. Supp.3d 1340, 1346 (S.D. Fla. 2020) (declining to strike an affidavit by an expert on Maltese law in ruling on a motion for summary judgment); *Thomson Consumer Elecs., Inc. v. Innovatron, S.A.*, 3 F. Supp.2d 49, 52 (D.D.C.1998) ("When answering a question of foreign law, a federal court is authorized to look to a host of sources, including evidence in the form of expert testimony"); *Pfizer, Inc. v. Elan Pharm. Research Corp.*, 812 F. Supp. 1352, 1360 (D. Del. 1993) (concluding that the court had discretion to disregard a foreign attorney's affidavit on foreign law under Rule 44.1). *See also generally*, Carolyn B. Lamb and K. Elizabeth Tang, *Rule 44.1 and Proof of Foreign Law in Federal Court*, 30 LITIGATION 31 (Fall 2003). Of course, a court is not bound to accept the conclusions of an expert on foreign law. *Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 713 (5th Cir. 2000) (stating that "federal judges may reject even the uncontradicted conclusions of an expert witness and reach their own decisions on the basis of independent examination of foreign legal authorities.").

In its notice of additional authority, defendant cites *Narayanan v. Sutherland Glob. Holdings, Inc.*, No. 15-CV-6165 T, 2018 WL 2234884, at *7 (W.D.N.Y. May 16, 2018),[4] and *Schablonentechnik v. Mac Dermid Graphic Arts, Inc.*, Civil Action No. 1:02-CV-2585-ODE, 2005 WL 5974438, at *4 (N.D. Ga. June 21, 2005), for the proposition that the Court should disregard plaintiff's foreign law expert's affidavits because plaintiff did not disclose him as an expert witness. (Doc. 27). This precedent is unavailing. First, the Court is of course not bound by the holdings of these courts. Second, the Court does not find these decisions persuasive. In neither case did those courts attempt to reconcile the purpose of Rule 44.1 with Rule 26. The Court finds the holdings in those cases are inconsistent with the purposes of the rules of discovery, which is focused on

---

[4] *Narayanan* was vacated and remanded on other grounds. 787 Fed. App'x 17 (Sept. 18, 2019).

facts, not law. Discovery rules for experts, in particular, are focused on disclosure of expert testimony to be used at trial. *See* FED. R. CIV. P. 26(a)(2)(A) (setting out disclosure obligations for an expert witness a party "may use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705."). In some rare instances, such in legal malpractice cases, an expert's opinion on the law is a matter of fact for a jury to decide. In such instances, disclosure of such opinions as part of discovery is consistent with the discovery rules. When, as here, however, the question before the Court is determining foreign law under Rule 44.1 for purposes of applying that law to the facts of the case, then application of discovery rules is anathema to the purpose of Rule 44.1. *See BCCI Holdings (Luxembourg) v. Khalil*, 184 F.R.D. 3, 9 (D.D.C.1999) (holding that when plaintiffs had complied with Rule 44.1, the court would not strike declaration of foreign law expert for lack of compliance with Rule 26(a)(2)). The expert authority here is not evidence that would be submitted at trial. Indeed, determining the law under Rule 44.1 is a matter for a court to determine, not a jury.

Thus, the Court overrules defendant's objection to consideration of the affidavits and declarations by the Singapore attorney to determine the law of Singapore for purposes of finding whether the Singapore judgment is final, conclusive and enforceable. The Court will rely on the affidavits, and the Singapore rules themselves, to determine Singapore law. To the extent the affidavits assert opinions as to how the Court should apply the law to the facts of this case, the Court will disregard them. *See Krish v. Balasubramaniam*, No. 1:06–CV–01030 OWW, 2006 WL 2884794, *3 (E.D. Cal. Oct. 10, 2006) ("[E]vidence from foreign law experts submitted pursuant to Rule 44.1 is admissible only to aid a court's understanding of foreign law; foreign law experts may not opine as to the ultimate application of the foreign law to the facts of the case").

The Court finds that this judgment was final. Order 13, Rule I, of the Singapore Rules for Court sets out that if a defendant "fails to enter an appearance, the plaintiff

11

may, after the time limited for appearing, enter *final* judgment against that defendant[.]" (Doc. 25-2, at 9-10) (emphasis added). Here, defendant did not enter an appearance and judgment issued. Under Singapore law, that makes the judgment a final judgment. *See also* Affidavit of Gan Eng Choon, Doc. 21-3, at 171 (stating that the judgment was final). Nor has defendant taken any action to have the judgment set aside or altered, as allowed by Singapore law. (Doc. 25-2, at 10). Thus, there is no genuine issue of material fact that the Singapore judgment is final.

The Court finds that this ruling was enforceable. Order 45, Rule 1 states that a money judgment may be enforced by one of several means. (Doc. 25-2, at 10). See also Declaration of Ng Khai Lee, Doc. 25-2, at 4 (stating that the judgment was final, binding and enforceable unless it is set aside). Defendant has not proffered any documents or asserted any other authority on Singapore law to create an issue of material fact whether the final Singapore judgment is enforceable.

The Court also finds that this ruling was conclusive. Order 13, Rule 8, of the Singapore Rules of Court states that the court "may" on such terms as it thinks just set aside or vary a judgment entered. (Doc. 25-2, at 10). Again, there is no evidence in the record that defendant moved to set aside this entered judgment.

At the hearing, defendant asserted that plaintiff failed to carry its burden to establish Singapore law because plaintiff did not provide the Court with case law interpreting Singapore law. Defendant did not cite any cases for that proposition and the Court finds none. True, Singapore case law interpreting Singapore law could be persuasive, but it would not be binding on this Court. Nor is it necessary when, as here, the facts are simple and the rules are plain. Moreover, plaintiff has only the burden of production by producing credible evidence showing it would be entitled to a directed verdict. Plaintiff has done so. Defendant has the burden of then showing that there is some defect in the judgment showing that it is not final, enforceable, and conclusive.

12

Defendant has not carried its burden, citing no authority calling the judgment into question.

Thus, the Court finds that there is no genuine issue of material fact that the foreign judgment here was one for recovery of a sum of money, and that it was final, enforceable, and conclusive.

### B.   *Ground for Nonrecognition*

The Court now turns to defendant's assertion that there is a ground for nonrecognition of the judgment. The only ground argued by defendant for nonrecognition is that it "did not receive notice of the proceeding in sufficient time to enable the defendant to defend." (Doc. 22, at 8 (quoting IOWA CODE § 626B.104(3)(a))). Defendant argues that it had only 21 days to respond to the Singapore lawsuit, in which time it needed to engage counsel licensed in Singapore, work out a payment arrangement, confer with that counsel, learn basics of Singapore law, and timely submit a response to the Singapore lawsuit (on file) nearly 10,000 miles away from Iowa. (*Id.*, at 8-9). Thus, defendant argues, "a reasonable juror could find that [defendant] did not receive notice in enough time to allow it to defend against [plaintiff's] action." (*Id.*, at 9).

The Court disagrees. As plaintiff notes in the reply brief, the writ of summons (Doc. 21-3, at 14) instructs that defendant merely had to "enter an appearance" within 21 days. To defend, defendant had to enter an appearance using "electronic filing service" and notify plaintiff, all within 21 days. (*Id.*). This time frame is consistent with that required under the Federal Rules of Civil Procedure. FED. R. CIV. P. 12(a). Defendant then had another 14 days in which to issue its defense. (Doc. 21-3, at 14).

Here, defendant has proffered no facts establishing that it did not have enough time to respond to the lawsuit. It has not, for example, proffered facts that show it needed to retain counsel licensed in Singapore. It has not proffered facts showing that it tried to hire an attorney in a timely manner. Indeed, it has not proffered facts showing it made

13

any effort whatsoever to respond to the lawsuit, ever. Although defendant asserts a reasonable jury may conclude that 21 days was not enough time, defendant does not state upon what facts the jury would make such a finding. Further, defendant could have moved for an extension of time, but there is nothing in the record showing that it did or could not do so. Even after judgment was entered, defendant could have requested the Singapore Court to set aside the default judgment. Order 13, Rule 8, of the Singapore Rules of Court states that the Court "may" on such terms as it thinks just set aside or vary a judgment entered. (Doc. 25-2, at 10). Instead, defendant took no action, and has never taken any action, to challenge the lawsuit, regardless of the time afforded it. No reasonable jury would decide, based on the record here, that defendant did not receive notice of the proceeding in sufficient time to enable the defendant to defend against the lawsuit.

Thus, the Court finds that defendant has failed to carry its burden of showing a genuine issue of material fact exists that would establish a ground for nonrecognition of this foreign judgment.

## IV. CONCLUSION

For these reasons, the Court **grants** plaintiff's motion for summary judgment. (Doc. 21). Judgment shall enter in favor of plaintiff. This case is dismissed.

**IT IS SO ORDERED** this 3rd day of May, 2022.

_____
C.J. Williams
United States District Judge
Northern District of Iowa

14

Case 2:20-cv-01050-CJW-MAR   Document 31   Filed 05/03/22   Page 14 of 14